NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ALICIA H., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, C.H.,[1] *Appellee*.

No. 1 CA-JV 14-0174
FILED 12-04-2014

Appeal from the Superior Court in Maricopa County
JD17680
The Honorable Linda H. Miles, Judge

**AFFIRMED**

COUNSEL

Alicia Hartley, Phoenix
*Appellant*

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellee*

---

[1] Pursuant to S.B. 1001, Section 157, 51st Leg., 2nd Spec. Sess., effective May 29, 2014, the Department of Child Safety is substituted for the Arizona Department of Economic Security. *See* Ariz. R. Civ. App. P. 27. The caption also has been amended to safeguard the child's identity pursuant to Administrative Order 2013-0001.

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Margaret H. Downie and Judge Andrew W. Gould joined.

---

**T H U M M A**, Judge:

¶1 Alicia H. (Mother) argues the superior court abused its
discretion in dismissing this dependency involving her child C.H. (born in
2009) and allowing C.H. to live with Robert B. (Father). Finding no error,
the dismissal is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2 In April 2013, the Department of Child Safety (DCS) removed
C.H. from Mother's care and filed a dependency petition alleging she had
neglected C.H., who has special needs.[2] C.H. was found dependent as to
Mother when Mother failed to appear for a dependency adjudication
hearing. Father contested the dependency allegations and was "actively
participating" in reunification and other services. DCS then moved to place
C.H. in Father's physical custody. At the time, Mother stated she had no
objection to placing C.H. in Father's physical custody, and in January 2014
the superior court approved the change of custody.[3]

¶3 Several months passed with C.H. in Father's care. On May 21,
2014, DCS filed a written motion to dismiss the dependency as to Father. At
a May 30, 2014 hearing, C.H.'s guardian ad litem agreed with dismissal.
Mother, who was present with her advisory counsel, objected to dismissal

---

[2] Mother has other children not subject to this appeal. Mother was
represented by different court-appointed attorneys in this dependency,
with the superior court ultimately appointing advisory counsel for Mother
when she indicated she wished to represent herself.

[3] Although purporting to appeal from this change of custody order, Mother
has not shown how such an appeal would be timely or not waived. *See
Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., L.L.C.*, 227 Ariz.
382, 386 ¶ 12, 258 P.3d 200, 204 (App. 2011).

but did not claim an inability to prepare for the hearing or that she lacked adequate notice of the motion to dismiss. After receiving evidence including testimony from Mother, as well as argument, the superior court granted the motion to dismiss. In doing so, the court established a family court case and issued temporary orders awarding Father sole custody over C.H. and granting Mother supervised parenting time.

¶4        This court has jurisdiction over Mother's timely appeal pursuant to Arizona Revised Statutes (A.R.S.) sections 8-235(A), 12-2101(A)(1), 12-120.21(A)(1) (2014)[4] and Arizona Rules of Procedure for the Juvenile Court 103–04.

## DISCUSSION

¶5        Mother claims the superior court abused its discretion by denying her due process in not allowing her adequate time to prepare for the hearing on DCS' motion to dismiss. Mother, however, did not make such an objection before the superior court granted the motion. Accordingly, Mother waived any argument that she was not given proper time to prepare for, and present evidence at, the May 30, 2014 hearing. *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., L.L.C.*, 227 Ariz. 382, 386 ¶ 12, 258 P.3d 200, 204 (App. 2011). Moreover, on the merits, Mother's objections fail.

¶6        Mother argues she did not receive timely notice of the motion to dismiss. DCS indicated it e-mailed notice of its intent to seek dismissal 16 days before the May 30, 2014 hearing, seeking her input. Mother, however, did not respond to that e-mail. The motion to dismiss states Mother was mailed a copy of the written motion nine days before the May 30, 2014 hearing. Mother, however, filed no response to that motion. Although disputing whether she received the e-mail, Mother indicated she communicated with DCS via e-mail and that the DCS e-mail was sent to her correct e-mail address 16 days before the hearing. Mother also concedes that her advisory counsel received the motion to dismiss on May 23, 2014. This record shows that Mother had advance notice that DCS would seek dismissal of the dependency at the May 30, 2014 hearing.

¶7        On appeal, Mother argues that, if she had additional time to prepare for the May 30, 2014 hearing, she "would have established" that

---

[4] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

Father lacks training and "is ill equipped to raise" C.H. and that "Father called DCS to pick up [C.H.] when Mother and [F]ather agreed he [would] watch the child on Father's Day." Mother also has expressed concern about substance abuse by Father. However, Mother and her advisory counsel attended the May 30, 2014 hearing. At that hearing, Mother did not object to the superior court proceeding with or deciding the motion to dismiss. Mother did not seek a continuation of the hearing or request additional time to respond to the motion to dismiss. Although Father was present at the hearing, and could have been called as a witness by Mother, Mother did not call him as a witness. Mother did, however, actively participate in the hearing, including testifying, cross-examining a DCS case aide and presenting argument opposing the motion to dismiss. On this record, it cannot be said that Mother failed to receive an "opportunity to be heard at a meaningful time and in a meaningful manner." *Dep't of Child Safety v. Beene*, 235 Ariz. 300, 305 ¶ 11, 332 P.3d 47, 52 (App. 2014) (citation and internal quotations omitted).

¶8            Mother also argues she could not open a CD disclosed by DCS. Mother raised that same issue with the superior court at the May 30, 2014 hearing and the court directed DCS to provide another CD. Yet Mother still did not object to proceeding with the motion to dismiss. Although Mother speculates about what the records on the CD might show, that information is not contained in the record, nor does Mother allege that DCS violated its disclosure obligations. Accordingly, Mother has shown no due process violation regarding the CD.[5]

¶9            Finally, Mother argues the superior court erred because where the best interest of the child and the interest of the parent are in conflict, the best interest of the child should prevail. The motion to dismiss stated DCS had "no safety concerns and [felt] that [Father could] appropriately care for" C.H. The record from the May 30, 2014 hearing shows Father had successfully completed services, including family reunification services, and C.H.'s guardian ad litem had no concerns with C.H. being in Father's care. Mother did testify that Father was not fit to parent C.H. for a variety of reasons. Even after Mother's testimony, however, DCS and C.H.'s guardian ad litem stated they had no concerns about Father's ability to parent C.H. In granting the motion to dismiss, the

---

[5] Although Mother challenges aspects of the family court matter that was opened at the end of the May 30, 2014 hearing, she has not appealed from the family court proceeding and this court lacks jurisdiction to address any such issues.

superior court found Father could "safely and adequately parent" C.H. The superior court "is in the best position to weigh the evidence" and "judge the credibility of witnesses." *Jordan C. v. Ariz. Dep't of Econ Sec.*, 223 Ariz. 86, 93 ¶ 18, 219 P.3d 296, 303 (App. 2009) (citation and internal quotations omitted). Although acknowledging the conflicting evidence, on this record, Mother has not shown the superior court abused its discretion in evaluating C.H.'s best interests.

## CONCLUSION

¶10 The superior court's order dismissing the dependency of C.H. is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh