v.

**The Honorable Kristin HOFFMAN, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge.**

**The Arizona Department of Child Safety; Melissa D.; Chad D.; and H.D., a minor child, Real Parties in Interest.**

**No. 1 CA–SA 15–0186.**

Court of Appeals of Arizona, Division 1.

Sept. 24, 2015.

Law Office of Ed Johnson, PLLC By Edward D. Johnson, Peoria, Counsel for Petitioner.

Arizona Attorney General's Office By Michael Valenzuela, Phoenix, Counsel for Real Party in Interest Arizona Department of Child Safety.

Burguan Clarke Law Office, PLLC By Jessica J. Burguan, Phoenix, Advisory Counsel for Real Party in Interest Melissa D.

Law Offices of Lincoln Green, Jr., PC By Lincoln Green, Phoenix, Counsel for Real Party in Interest Chad D.

Diana Theos, PLLC, Glendale By Diana Theos Guardian Ad Litem for Real Party in Interest H.D.

Judge PATRICIA K. NORRIS delivered the opinion of the Court, in which Presiding Judge DIANE M. JOHNSEN and Judge MARGARET H. DOWNIE joined.

## OPINION

NORRIS, Judge:

¶ 1 The question in this special action is whether the juvenile court may consider the best interests of a child in foster care in deciding whether to allow the child to attend and testify at dependency and termination hearings. The answer is "yes."

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 In 2014, the Arizona Department of Child Safety ("DCS") initiated dependency and termination of parental rights proceedings against Melissa D. and Chad D., parents of petitioner, K.D., born in 2001, and H.D., born in 2004. On the second day of the dependency and termination adjudication hearings, which were consolidated ("consolidated hearings"), K.D., through counsel, asked to attend the consolidated hearings and testify. Two mental health profession-

als—K.D.'s therapist and DCS's psychologist—advised the court that attending and testifying at the hearings would be contrary to K.D.'s best interests. K.D.'s therapist explained that seeing her mother "would be detrimental to [K.D.'s] stability and the safety that she has developed already in her placement," and DCS's psychologist advised the court K.D.'s attendance would cause her "significant regression." K.D. did not present any contrary evidence.

¶ 3 The juvenile court ruled that, based on K.D.'s best interests, it would not allow her to be present or testify at the consolidated hearings scheduled for the following day and the next month, although it would reconsider her request to appear at the consolidated hearings scheduled for later in the year. The next day, K.D. renewed her request to be present and testify, but the court again denied her request, stating, "I think it's appropriate when she is therapeutically ready to do so for her to be here; however, both ... therapists opined yesterday that it would be ... retraumatizing to this child."

## JURISDICTION

¶ 4 Because K.D. has no equally plain, speedy, and adequate remedy by appeal, in the exercise of our discretion, we accept special action jurisdiction. Ariz. R.P. Spec. Act. 1(a). Further, the issue presented here involves the welfare of a child, is one of law, subject to our de novo review, and is therefore especially suitable for special action review. *See State ex rel. Montgomery v. Harris*, 234 Ariz. 343, 344, ¶ 8, 322 P.3d 160, 161 (2014); *Dep't of Child Safety v. Beene*, 235 Ariz. 300, 303, ¶ 6, 332 P.3d 47, 50 (App. 2014); *Jordan v. Rea*, 221 Ariz. 581, 586, ¶ 8, 212 P.3d 919, 924 (App.2009).

## DISCUSSION

¶ 5 K.D. argues she has an absolute right to attend and testify at the consolidated hearings and thus the juvenile court was not entitled to consider her best interests in denying her request.[1] In making this argument, K.D. relies on Arizona Revised Stat-

---

1. K.D. has not argued the juvenile court abused its discretion in finding it would not be in her best interests to attend or testify at the consolidated hearings.

utes ("A.R.S.") section 8–529 (2014), the Bill of Rights for Children and Youth in Foster Care Act. Subsection (A)(16) of the Act states a child in foster care has the right to "attend the child's court hearing and speak to the judge." The Act, however, also provides that it "does not establish any legally enforceable right or cause of action on behalf of any person." *Id.* at (C). This disclaimer makes clear that, contrary to K.D.'s argument, A.R.S. § 8–529(A)(16) does not grant her an absolute right to attend and testify at the consolidated hearings.

¶ 6 The legislative history of the Act underscores that the Legislature did not intend the Act to grant children in foster care absolute rights. As originally passed by the Legislature, section (C) of the Act stated only, "This section does not establish any cause of action on behalf of any person." 2009 Ariz. Sess. Laws, ch. 159, § 1 (1st Reg. Sess.). Though then-Governor Janice K. Brewer signed the proposed legislation, she only did so based on assurances from the Legislature that in the next legislative session it would amend the Act to specify it did not establish any "new legally enforceable right." Governor's Approval Message, S.B. 1209, 49th Leg., 1st Reg. Sess. (July 13, 2009). Accordingly, in 2010, the Legislature amended the Act to expressly eliminate any question that it established new enforceable rights. 2010 Ariz. Sess. Laws, ch. 218, § 1 (2d Reg. Sess.).

¶ 7 Consistent with the Act's language and legislative history, the Rules of Procedure for the Juvenile Court also recognize a child's right to attend and testify at a hearing is not absolute. Although Rule 41(B) authorizes a child in foster care to attend "the child's court hearing and speak to the judge," Rule 36 directs that all juvenile rules of procedure "should be interpreted in a manner designed to protect the best interests of the child, giving paramount consideration to the health and safety of the child." Thus, pursuant to Rule 36, the juvenile court was required to consider K.D.'s best interests in deciding her request to attend and testify at the consolidated hearings.

¶ 8 Furthermore, as this court has recognized, "consideration of the child's best interests permeates dependency and severance proceedings." *Beene,* 235 Ariz. at 304, ¶ 9, 332 P.3d at 51; *see also Alexander M. v. Abrams,* 235 Ariz. 104, 107, ¶ 15, 328 P.3d 1045, 1048 (2014) ("Arizona's statutes, case law, and rules of procedure reflect that the juvenile court is obligated to oversee the dependency case, [and] to consider the best interests of the child in every decision. . . ."); *Xavier R. v. Joseph R.,* 230 Ariz. 96, 98, ¶ 6, 280 P.3d 640, 642 (App.2012) (juvenile court rule requiring attorney to state in notice of appeal that he has discussed merits of appeal and obtained authorization of client to file an appeal must be interpreted to protect child's best interests when child is too young to understand the proceedings); *Kenneth T. v. Ariz. Dep't of Econ. Sec.,* 212 Ariz. 150, 152, ¶ 10, 128 P.3d 773, 775 (App.2006) (summary judgment to terminate parental rights appropriate if in child's best interests).

¶ 9 Indeed, even though a parent has a fundamental liberty interest in the care, custody, and management of his or her child, that right can give way to a child's best interests. For example, in *Beene,* the juvenile court, without considering the children's best interests, denied DCS's motion to preclude parents from calling their young children as witnesses at the termination adjudication hearings to confront and cross-examine them. *Beene,* 235 Ariz. at 303, ¶ 5, 332 P.3d at 50. Although we recognized "parents have a due process right to challenge their children's statements received in evidence at a severance trial," we held that right is not absolute and must be weighed and balanced against the child's best interests. *Id.* at 302, ¶ 1, 332 P.3d at 49.

In determining whether Parents would be denied due process if they are not allowed to call their children as trial witnesses, the weighing and balancing of these factors is contextual and case-specific. Contrary to Parents' argument, however, the best interests of the children (including the potential harm to the children if required to testify at trial) properly may be considered in that weighing and balancing. If warranted by the facts and circumstances, that

weighing and balancing may mean that Parents do not have a due process right to call their children as witnesses to confront and cross-examine them about the children's prior statements admitted in evidence at a severance trial.

*Id..* at 307, ¶ 19, 332 P.3d at 54. Although *Beene* involved the due process trial rights of a parent and this case concerns the trial rights of a child, its essential holding—that a juvenile court may consider the best interests of a child in determining whether a party may exercise his or her trial rights—is equally applicable here.

¶ 10 K.D. does not, therefore, have an absolute right to be present and testify at the consolidated hearings, and the juvenile court was entitled to consider her best interests in deciding whether to allow her to attend the consolidated hearings and testify.

## CONCLUSION

¶ 11 We therefore accept jurisdiction, but deny relief.