NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DEPARTMENT OF CHILD SAFETY,
*Petitioner*,

*v.*

THE HONORABLE TIMOTHY J. RYAN, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

ROSA F.; CHRISTOPHER B.; KASSIDY B; I.F.; A.E.,
*Real Parties in Interest*

No. 1 CA-SA 17-0276
FILED 11-22-2017

Petition for Special Action from the Superior Court in Maricopa County
No. JA550305, JD527466
The Honorable Timothy J. Ryan, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Dawn R. Williams
*Counsel for Petitioner*

Christina M. Lopez, Phoenix
*Counsel for Real Parties in Interest Christopher B. and Kassidy B.*

Law Office of Alane M. Ortega, P.L.L.C., Phoenix
By Alane M. Ortega
*Counsel for Real Parties in Interest Rosa F.*

---

## MEMORANDUM DECISION

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Jon W. Thompson joined.

---

**T H U M M A**, Chief Judge:

**¶1**　　　　This special action arises out of a dependency petition filed by the Department of Child Services (DCS), resulting in the termination of parental rights to two young children, followed by two competing petitions to adopt those children.

**¶2**　　　　The children's maternal grandmother, Rosa F., filed a petition to adopt on November 17, 2016. As the superior court noted, "[f]or no good reason identified in the record," the hearing on this petition was rescheduled "again and again."

**¶3**　　　　Meanwhile, the children's placement, Christopher and Kassidy B., filed a petition to adopt on December 1, 2016. This petition was granted the next day (in conjunction with a previously-scheduled adoption of a third child), making Christopher and Kassidy B. the parents of the children. As a result, the superior court dismissed the dependency on December 2, 2016.

**¶4**　　　　Various irregularities then came to light, which are not detailed here. As relevant here, Rosa F. filed a motion to set aside the adoption, which is scheduled to be heard on November 30, 2017.

**¶5**　　　　On October 18, 2017, the superior court held an evidentiary hearing addressing a variety of issues. The resulting 12-page minute entry, filed as amended on October 27, 2017, provides some detailed procedural background and includes numerous orders and rulings. The rulings challenged by DCS here are: (1) "setting aside the December 2, 2016 Order of Dismissal" that dismissed the dependency; (2) ordering "that DCS shall

2

have temporary legal custody" of the children; (3) ordering "that DCS shall immediately initiate supervised therapeutic visitation between" Rosa F. and the children; and (4) ordering "that DCS shall immediately arrange sibling visits between" the children and their youngest sister. This minute entry did not resolve Rosa F.'s motion to set aside the adoption, which remains pending. After the court denied DCS' motion to reconsider, this timely petition for special action followed.

## DISCUSSION

**¶6**        Special action jurisdiction is appropriate where petitioner has no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). Although "highly discretionary," *Randolph v. Groscost,* 195 Ariz. 423, 425 ¶ 6 (1999), "accepting special action jurisdiction is particularly appropriate where the welfare of children is involved and the harm complained of can only be prevented by resolution before an appeal," *Dep't of Child Safety v. Superior Court,* 235 Ariz. 300, 303 ¶ 6 (App. 2014). As applied, the challenged rulings implicate the best interests of the children and there is no equally plain, speedy and adequate remedy by appeal. Accordingly, in its discretion, this court accepts special action jurisdiction.

**¶7**        DCS argues the superior court lacked authority to issue the challenged rulings, absent setting aside the adoption and or an allegation and showing that the children are dependent. Given that the adoption has not been set aside, Christopher and Kassidy B. are the parents of the children "as though the child[ren] were born to the[m] . . . in lawful wedlock." A.R.S. § 8-117(A). Similarly, there is no allegation or showing that the children are dependent as to Christopher and Kassidy B. *See* A.R.S. § 8-201(15). Nor did the parties cite to any other authority that would authorize the challenged rulings.

**¶8**        Rosa F.'s response to DCS' special action petition does not claim any authority authorized the challenged rulings or cite to any such authority. Instead, she argues that Arizona law "requires that this adoption be set aside." But the superior court has not yet resolved Rosa F.'s motion to set aside the adoption, which is scheduled to be heard on November 30, 2017. And Rosa F. did not file a petition seeking special action relief. Accordingly, she has provided no basis for this court to address, at this time, whether the adoption should be set aside, an issue the superior court has not yet resolved. *See* Ariz. R.P. Spec. Act. 3.

¶9 Because there was no authority to enter the challenged rulings, they cannot stand. *See In re Maricopa County Juv. Action No. JD-05401*, 173 Ariz. 634, 640 (App. 1993) ("Absent such an adjudication of dependency, the court has no authority to order permanent placement of the child or to monitor the conditions of that placement."); *In re Pima County Juv. Dep. Action No. 98874*, 161 Ariz. 231, 233 (App. 1989) ("absent a finding of dependency, the juvenile court had no authority to order any placement or to monitor the conditions of the placement") (dicta).

## CONCLUSION

¶10 Accepting special action jurisdiction, because there was no authority to enter the challenged rulings, relief is granted to the extent that the following rulings in the minute entry, filed as amended on October 27, 2017, are vacated: (1) "setting aside the December 2, 2016 Order of Dismissal" that dismissed the dependency; (2) ordering "that DCS shall have temporary legal custody" of the children; (3) ordering "that DCS shall immediately initiate supervised therapeutic visitation between" Rosa F. and the children; and (4) ordering "that DCS shall immediately arrange sibling visits between" the children and their youngest sister. As noted above, that minute entry addressed a variety of other matters. In granting this relief, the other portions of the minute entry, filed as amended on October 27, 2017, remain in full force.

