NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LOURDES R., *Appellant*,

*v.*

ROBERT O., A.O., *Appellees*.

No. 1 CA-JV 18-0462
FILED 6-6-2019

Appeal from the Superior Court in Maricopa County
No. JS19352
The Honorable Eartha K. Washington, Commissioner

**VACATED AND REMANDED**

APPEARANCES

Lourdes R., Protected Address
*Appellant*

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Appellee Robert O.*

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Kenton D. Jones joined.

**B R O W N**, Judge:

¶1        Lourdes R. ("Mother") appeals the juvenile court's order denying her petition to terminate Robert O.'s ("Father") parental rights. For the following reasons, we vacate the order and remand for further proceedings.

## BACKGROUND

¶2        Mother and Father are the biological parents of A.O., born in 2007. Mother and Father never married but they lived together after A.O.'s birth until their relationship ended in 2011 and Father moved out. In 2012, Mother's current husband ("Stepfather") moved in with her and A.O. Mother and Stepfather married in 2014. Stepfather desires to adopt A.O.

¶3        In January 2018, Mother filed a pro per petition to terminate Father's parental rights on grounds of abandonment, neglect/abuse, and incapacity. Father then filed a request in family court to establish parenting time, but apparently the matter was on hold during the pendency of this proceeding. In Mother's petition, she requested that the social study otherwise required by Arizona Revised Statutes ("A.R.S.") section 8-536(A) be waived because A.O. was in a stable home and "doing a social study may scare her." In its order setting the initial termination hearing, the court stated it was "undetermined if [a] social study is required at this time." Minute entries from the initial termination hearing and a subsequent pretrial conference do not reference the social study.

¶4        At the outset of the August 2018 termination hearing, Father asked the court to order Mother to obtain a social study because he had reason to believe there had been parental alienation in the case by Mother, and either Mother or Stepfather had been convicted of driving under the influence and had a breathalyzer in their vehicle. In response, the court stated, "that will be part of the case. I can order the social study." The court then noted it would make its "official ruling" once the social study "comes in."

¶5        In closing arguments, A.O.'s guardian ad litem ("GAL") noted that Mother had not presented any evidence of abuse/neglect or incapacity. He then stated his position on abandonment:

> The abandonment ground, which is [that] Father[] failed to maintain a normal parent-child relationship and has not provided for the child. I think that's pretty clear. I think in 2011, right before December and Christmastime, he had no

further contact with the child. And he said he tried a couple times a week for two years, then just stopped. At two years, [that] would put it around 2013, meaning we have no real further efforts until once this action is filed in 2018. So that's about five years almost. And the fact of the matter is Father knew he had a child out there, knew he wasn't having contact and sat on his rights. So I think there is clear and convincing evidence of abandonment.

When the court asked about the child support Father had provided, the GAL responded that support can be one factor to consider but Father did not provide any support from 2011 to 2014 until Mother took action to compel payment. After discussing various points about best interests, he concluded: "I have concerns about whether it is in the best interests of the child to be adopted and have Father's parental rights terminated."

¶6        The juvenile court took the matter under advisement. Its subsequent minute entry summarizing the termination hearing noted Father's request that the court order Mother to obtain a social study and stated: "IT IS ORDERED granting the request. The Court will make its final ruling upon receipt of the social study." The minute entry did not include a deadline for Mother to submit the social study.

¶7        Two months later, the juvenile court issued its ruling denying Mother's petition. The court found that Mother failed to provide the social study as ordered and, in addition to presenting no evidence of neglect, abuse, or lack of capacity, Mother did not meet her burden to show Father abandoned A.O. The court explained that while the question of abandonment in this case "is a tough one," Father's consistent child support payments since 2014 and Mother's resistance in allowing him to see A.O. coupled with his decision to limit contact with A.O. while he was completing drug treatment did not rise to the level of abandonment contemplated by A.R.S. § 8-531(1). The court also reasoned, "[t]he fact that [Father] is formally pursuing contact with the child in family court . . . and has tried to communicate with her since the severance petition was filed leads [the] Court to believe that he is pursuing and not abandoning his parental responsibilities." Mother timely appealed.

## DISCUSSION

¶8        To support an order terminating parental rights, the juvenile court must find, by clear and convincing evidence, at least one statutory ground warranting termination, and by a preponderance of the evidence,

that a termination of the parent-child relationship is in the child's best interest. *Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577, ¶ 4 (App. 2017). We will not disturb a court's ruling absent an abuse of discretion or unless there is no reasonable evidence to support the court's findings. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). An abuse of discretion occurs when the court misapplies the law. *See Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 239, ¶ 13 (App. 2012). Additionally, we review de novo legal issues that require interpretation and application of the juvenile statutes. *Mary Lou C.*, 207 Ariz. at 47, ¶ 9.

¶9 We first note that Mother's three-page opening brief is deficient. It contains no citations to legal authority and only a few references to the record. *See* ARCAP 13(a)(7)(A) (stating that a brief must include appropriate references to the record and supporting contentions for each issue raised on appeal, together with citations to pertinent legal authorities); Ariz. R.P. Juv. Ct. 106(A) (applying ARCAP 13 to juvenile appeals). Given the significant liberty interests involved here, including A.O.'s best interests, we exercise our discretion to address whether the court erred in its handling of the social study issue, which Mother has arguably challenged. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (holding that the failure to comply with ARCAP 13 can constitute waiver of that claim); *see also Dep't of Child Safety v. Beene*, 235 Ariz. 300, 304, ¶ 9 (App. 2014) ("[C]onsideration of the child's best interests permeates dependency and severance proceedings.").

¶10 Mother complains that A.O.'s GAL failed to adequately prepare her for the hearing. The GAL, however, was not appointed to represent Mother's interests or help prosecute her case; the GAL was appointed to represent A.O.'s interests. *See* A.R.S. § 8-531(7) (defining "guardian ad litem" as "a person appointed by the court to protect the interest of a minor . . . in a particular case before the court"); Ariz. R.P. Juv. Ct. 40(A) ("The court may appoint a guardian ad litem to protect the interest of the child.").

¶11 Mother also contends she was unaware she had to obtain the social study. Although her contention is not technically correct because she was advised of the requirement in the post-hearing minute entry, Mother's point fairly poses the question of whether the juvenile court erred by relying on the absence of the social study when it denied Mother's petition. Section 8-536(A) provides as follows:

> On the filing of a petition, the court *shall* order that the
> department, an agency or another person selected by the

> court conduct or cause to be conducted a complete social study and that a report in writing of such study be submitted to the court *before* a hearing. The social study shall include the circumstances of the petition, the social history, the present condition of the child and parent, proposed plans for the child and other facts pertinent to the parent-child relationship. The report shall include a specific recommendation and the reasons as to whether or not the parent-child relationship should be terminated.

(Emphasis added). A court may waive the requirement of the social study only if it "finds that to do so is in the best interest of the child." A.R.S. § 8-536(C).

¶12        Here, the juvenile court erred by not ordering the social study to be completed and the written report submitted prior to the hearing, as required by A.R.S. § 8-536. The court did not waive the social study; thus, it was obligated to order that a study be conducted and the resulting report submitted *before* the hearing. The social study is intended to be comprehensive, evidenced by the statutory requirements of what the written report must include. *See* A.R.S. § 8-536(A). The purpose of the social study is to give the court information, from an individual who is not a party to the termination proceeding, surrounding the allegations of the petition, past and present conditions of the child and the parents, and future plans and other facts relating to the parent-child relationship. *See id.*

¶13        A social study may be particularly helpful in private termination proceedings, where a court does not have the benefit of the documentary evidence typically submitted in termination proceedings filed by the Department of Child Safety. In this case, the statutory requirement that the social study include a recommendation whether the parent-child relationship should be terminated would be highly relevant to the court's decision. *Cf. Beene*, 235 Ariz. at 304, ¶ 9 ("[T]he rules governing these proceedings 'should be interpreted in a manner designed to protect the best interests of the child, giving paramount consideration to the health and safety of the child.'" (citation omitted)). For example, the study may shed light upon (1) Mother's resistance to Father's attempts to see A.O.; (2) whether the Stepfather has alienated A.O. against Father; (3) whether Father maintained a normal parental relationship with A.O., especially from 2011 to 2014 when he was not paying child support; and (4) whether termination would be in A.O.'s best interests.

**¶14**       Once the juvenile court knew it intended to grant Father's request for a social study, it should have continued the hearing until Mother obtained one. Similarly, if the court wanted to proceed without the social study, it needed to make the determination that it would be in A.O.'s best interests to do so in advance of the hearing. Instead, the court ordered for the first time, in its *post*-hearing minute entry and with no due date, that Mother must provide the social study, and then determined her failure to provide the social study supported denial of her petition. Moreover, the court explicitly stated it would not rule on Mother's petition until it received the social study. Without additional notice to Mother that the court no longer intended to follow its own order, her only opportunity to object was by filing her notice of appeal. On this record, where the court recognized that the issue of abandonment was "a tough one," and the statutorily-required social study could have shed much-needed light on the issue, we conclude that additional proceedings are required.

## CONCLUSION

**¶15**       We vacate the juvenile court's order and remand for further proceedings, including consideration of the previously-ordered social study, which Mother shall submit to the court within a reasonable timeframe on a date certain ordered by the court. The court shall allow the parties the opportunity to question the author of the social study at an evidentiary hearing, and to present additional evidence as the court deems appropriate.

