NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

SAM MALIK, *Petitioner/Appellant,*

*v.*

RICHELLE TRINIDADE, *Respondent/Appellee,*

*and*

STATE OF ARIZONA, ex rel., THE DEPARTMENT OF ECONOMIC
SECURITY, *Third Party/Appellee.*

No. 1 CA-CV 22-0312 FC
FILED 3-2-2023

Appeal from the Superior Court in Yavapai County
No.  V1300DO201780354
The Honorable Joseph P. Goldstein, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Sam Malik, Phoenix
*Petitioner/Appellant*

Arizona Attorney General's Office, Phoenix
By Emily M. Stokes
*Counsel for Third Party/Appellee State of Arizona*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Anni Hill Foster joined.

---

**T H U M M A**, Judge:

¶1 Petitioner Sam Malik challenges a decree of dissolution that ended his marriage to Richelle Trinidade and resolved issues related to their minor children including support and allocating the community's property. Malik purports to challenge a subsequent order addressing child support. Because this court lacks appellate jurisdiction over the child support order, that portion of the appeal is dismissed. Because Malik has otherwise shown no error, the decree is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2 Malik and Trinidade married in 2005 and have three minor children. In August 2017, Malik filed this case for legal separation. In February 2018, the court converted the case to a dissolution at Trinidade's request. This is a high conflict divorce proceeding, with more than 400 docket entries as well as a prior appeal, which remanded for an evidentiary hearing. *See Malik v. Trinidade*, No. 1 CA-CV 19-0820 FC, 2021 WL 2550079, at *6 ¶ 36 (Ariz. App. June 22, 2021) (mem. dec.).

¶3 At a September 2021 status conference on remand, the court set trial for January 19 and 26, 2022, to address legal decision-making, parenting time, child support, spousal maintenance and the division of property. The record shows that, before this January 2022 trial setting, Malik had filed last minute or "emergency" motions to continue some hearings. Perhaps as a result, the order setting the January 2022 trial warned that "it is very difficult to reschedule trials," that any motion to continue "must be made by motion as far in advance of the trial as possible" and "must present compelling reasons for the request" and specified the procedure required for such a motion.

¶4 Malik failed to file a pretrial statement. A week before trial, he moved for a continuance, mailing a copy of his motion to Trinidade. As the court later found, that motion failed to comply with the trial setting order requirements, and no pretrial action was taken on the motion.

¶5        Both parties appeared for trial as scheduled on January 19, 2022. As trial began, Malik "inform[ed] the Court he [was] unprepared to proceed" and "made several oral motions to continue." The reasons Malik offered to continue trial included claimed discovery misconduct by Trinidade and his failure to "bring[] his notes with him to court." As noted in a subsequent order, "[t]he oral motions were considered and denied." That same order notes that, after those denials, Malik "requested a continuance due to health related issues. The court explored these issues with [Malik] and denied the motion, again for the reasons as set forth on the record."

¶6        Although the court recessed trial for lunch well before noon (apparently to allow Malik a longer recess), Malik did not return for the afternoon setting. Instead, Malik "called the division and court staff attempted to transfer the call into the courtroom, but [Malik] was no longer on the telephone line." When trial resumed in the afternoon, the court noted that Malik "has not appeared" and that he "called the division during the recess," "informed the Court he had undisclosed medical issues; however the call was disconnected by [Malik] before more information could be obtained." Noting "the arguments made by" Malik during the morning session, and the fact that trial was set months ago, the court elected to "proceed with testimony." At the end of the day, the court took the matter under advisement and vacated the second day of trial.

¶7        Nearly a week later, Malik filed an "Emergency Motion for Continuance," asking to "CONTINUE beginning the case for 105 to 120 days (3.5 to 4 months) due to [Malik] now becoming medically incapacitated." The unverified filing stated that Malik "suffered a heart attack" on the day of trial, that his "condition worsened over the lunch recess, and he decided to go to his doctor" and that he is not "able to attend or participate" in the litigation "in any way at this time." Along with setting forth Malik's view of how the delay could do Trinidade "*no harm!*", the filing attached one heavily redacted page of an HonorHealth "After Visit Summary," dated January 19, 2022, indicating a physician's assistant had seen Malik for chest pain, with a diagnosis of non-ST elevation myocardial infarction. The summary suggested Malik schedule an appointment "for a visit in 2 days" with a medical doctor and a doctor of osteopathy, although the identifying information for those individuals was redacted. The filing did not show that Malik was admitted for care, did not contain any information from a doctor and did not contain any restriction on his activities.

3

¶8   Trinidade opposed the motion, noting the trial had finished and the request to continue trial was moot. Her opposition added that a review of the audio-video recording of trial showed no complaint by Malik of chest pains or need for medical attention, instead showing that he "requested multiple continuances" because he was not prepared. "It was only when those were denied did he assert that he was having a medical condition." The opposition added that, "despite having a supposed heart attack, [Malik] drove over 100 miles (skipping nearby hospitals) [from Prescott] to HonorHealth in Scottsdale." The opposition added that Malik "has been well enough to drive back and forth from Glendale to Black Canyon City to exercise his parenting time during the weekend."

¶9   Malik filed no reply and never supplemented his motion with information from a doctor or in response to the opposition. After considering "the events" at trial and filings, the court denied the motion, noting "[n]o basis was provided as to what motivated [Malik] to travel all the way to Scottsdale to seek immediate assistance, or as to why [Malik] was instructed by the [physician's assistant] to schedule an appointment with another doctor for a later date."

¶10   Later in March 2022, the court issued a 22-page decree. The decree awarded Trinidade sole legal decision-making, granted Malik three hours of weekly supervised parenting time, awarded no spousal maintenance or attorneys' fees and divided the community's property. The decree deferred a final decision on child support, insurance and unreimbursed medical expenses, to be resolved at an evidentiary hearing in late May 2022. The decree was an appealable partial final judgment. *See* Ariz. R. Fam. L.P. 78(b)(2023).[1] Malik filed a timely notice of appeal from the March 2022 partial final judgment.

¶11   After the late May 2022 evidentiary hearing, the court entered a final judgment addressing child support, insurance and unreimbursed medical expenses. *See* Ariz. R. Fam. L.P. 78(c). Malik, however, did not file a notice of appeal from that Rule 78(c) final judgment.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

¶12     Trinidade failed to file an answering brief, which could be considered a confession of error. The court, however, is not required to view it as such, particularly when the best interests of minor children are at issue. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525 ¶ 2 (App. 2002). Thus, the court addresses the merits of Malik's arguments on appeal.

I.     **Malik Has Shown No Reversible Error in the March 2022 Partial Final Judgment.**

¶13     Malik's primary arguments on appeal are (1) the court denied him due process by continuing with trial when he was absent and denying his motion to continue filed after the trial was completed and (2) the evidence  does not support the rulings in the decree.

¶14     A superior court has discretion in considering a motion to continue, and this court will reverse a ruling on such a motion only if a party shows that discretion was abused. *See Henderson v. Henderson*, 241 Ariz. 580, 589 ¶ 29 (App. 2017). Although at first blush Malik's motion to continue suggests dire medical issues, it reflects no admission for medical treatment and no doctor's statement. It contains no explanation why, if Malik had a serious medical incident requiring urgent care, he did not seek immediate care but elected to drive for two hours to consult, on an outpatient basis, with a physician's assistant. Nor did Malik file a reply or seeking to show medical need or further explain, and never supplemented his motion with any such information if it existed.

¶15     The superior court also properly considered the context for the motion. Malik previously had sought continuances for evidentiary hearings, and he sought to do so in a pretrial filing here. When that effort was unsuccessful, he made several requests the morning of trial for a continuance, all of which were denied. Only then did he express medical concerns. Malik has not shown that the court had to ignore his other, apparently escalating, attempts to obtain a continuance, all of which had been unsuccessful.

¶16     Malik failed to file a pretrial statement, meaning he waived the right to present witnesses or exhibits at trial, waived any objections he may have had to any witnesses or exhibits Trinidade offered at trial and waived his right to raise issues or claims at trial. *See* Ariz. R. Fam. L.P. 76.1(i). These waivers mean, procedurally, Malik could not show that any evidence he would have offered at trial was material. *See* Ariz. R. Fam. L.P. 34(a)(1). More broadly, his motion to continue failed to comply with the

requirements of the court's prior orders and the applicable rules. *See* Ariz. R. Fam. L.P. 34(a). On this record, Malik has failed to show the court abused its discretion in denying his post-trial motion to continue. *See Henderson*, 241 Ariz. at 589 ¶ 29. For these same reasons, Malik has not shown he was denied his due process right of an opportunity to be heard "at a meaningful time and a meaningful manner." *Dep't of Child Safety v. Beene*, 235 Ariz. 300, 305 ¶ 11 (App. 2014) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

¶17        Turning to Malik's sufficiency of the evidence argument, other than legal decision-making, Malik fails to develop his argument for the issues resolved in the March 2022 partial final judgment, which constitutes waiver. *See Sholes v. Fernando*, 228 Ariz. 455, 461 ¶ 16 (App. 2011).[2] Even absent waiver, on the record provided, Malik has shown no error. He failed to provide a trial transcript. Thus, this court assumes the evidence presented supports the findings and conclusions in the March 2022 partial final judgment. *See Hefner v. Hefner*, 248 Ariz. 54, 60 ¶ 19 (App. 2019). Malik has not shown that the superior court abused its discretion in issuing that lengthy ruling. *Nold v. Nold*, 232 Ariz. 270, 273 ¶ 11 (App. 2013); *In re Marriage of Flower*, 223 Ariz. 531, 535 ¶ 14 (App. 2010); *Cullum v. Cullum*, 215 Ariz. 352, 354 ¶ 9 (App. 2007). Nor has he shown that the court abused its discretion in weighing the evidence and determining credibility, *Gutierrez v. Fox*, 242 Ariz. 259, 272 ¶ 49 (App. 2017), particularly given that this court does not reweigh credibility and conflicting evidence on appeal, *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009). On this record, Malik has shown no error.

## II.    **This Court Lacks Appellate Jurisdiction Over the May 2022 Final Judgment.**

¶18        Malik seeks to challenge portions of the May 2022 final judgment. "This court's appellate jurisdiction is defined, and limited, by the Legislature." *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 426 ¶ 4 (App. 2016). To challenge the May 2022 final judgment, Malik had to timely appeal from that judgment. *See* ARCAP 9. Malik, however, filed no notice of appeal from the May 2022 final judgment. Thus, this court lacks jurisdiction over those rulings reflected only in the May 2022 final judgment.

---

[2] In his notice of appeal, Malik wrote he was appealing the issue of attorneys' fees. This argument is waived because Malik does not press it on appeal. *See State v. Carver*, 160 Ariz. 167, 175 (1989).

**CONCLUSION**

¶19 The March 2022 decree is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA