474 P.2d 844

Gilbert GHYSELINCK and Dolores C. Ghyselinck, his wife, Appellants,

v.

Robert E. BUCHANAN and Mildred W. Buchanan, his wife, Robert C. Hamilton and Halo Lenore Hamilton, his wife, and Robert E. Buchanan and Robert C. Hamilton, dba Tubobs Just Good Food, Appellees.

No. I CA–CIV 1233.

Court of Appeals of Arizona, Division 1, Department B.

Oct. 1, 1970.

---

Rawlins, Ellis, Burrus & Kiewit, by Chester J. Peterson, Phoenix, and Kenneth J. Lincoln, Flagstaff, for appellants.

Babbitt, Garbarino & Meyers, by Joseph R. Babbitt, Flagstaff, for appellees.

JACOBSON, Judge.

In this action for reformation of a lease, plaintiffs-appellants appeal from a judgment entered in favor of defendants-appellees and from an order denying their motion for a new trial based on newly discovered evidence.

We note initially that appellees have failed to file an answering brief in this court. Such failure has been held by our Supreme Court to be a confession of error when the opening brief has presented issues that are at least debatable. Tiller v. Tiller, 98 Ariz. 156, 402 P.2d 573 (1965); Siemers v. Randall, 94 Ariz. 302, 383 P.2d 753 (1963); Barrett v. Hiney, 94 Ariz. 133, 382 P.2d 240 (1963); Nelson v. Nelson, 91 Ariz. 215, 370 P.2d 952 (1962); State v. Sanders, 85 Ariz. 217, 335 P.2d 616 (1959). This court has held this rule to be permissive rather than mandatory in its nature. Counterman v. Counterman, 6 Ariz.App. 454, 433 P.2d 307 (1967); Blech v. Blech, 6 Ariz.App. 131, 430 P.2d 710 (1967); Hoffman v. Hoffman, 4 Ariz. App. 83, 417 P.2d 717 (1966). See Ariz. S.Ct. (Civ.) R. 7(a) (2), 17 A.R.S. Therefore, in this case, we prefer to look to the merits of appellants' appeal.

The reformation sought by plaintiffs concerned a lease agreement entered into between the plaintiffs, as lessor, and defendants, as lessee, of a restaurant and cocktail lounge located at the Western Hills Motel situated in Flagstaff, Arizona. The parties hereto, pursuant to an oral understanding concerning the terms of the lease, went to an attorney located in Flagstaff who was apprised of the intended terms and who later reduced the oral terms to a writing. None of the parties hereto reviewed the lease prior to it being executed. Paragraph 2 of the written lease provided for monthly rentals at the rate of "ten per cent (10%) of the gross profit." Plaintiffs urged in the trial court and now urge on appeal that the parties intended and orally agreed that the monthly rental should be 10% of the gross income, and that the word "profit" had been inserted through the mistake of the attorney who had authored the lease. In support of this argument the plaintiffs at the trial established that the defendants had paid the first three months' rent on the basis of 10% of the gross income, and thereafter refused to pay on this basis, paying only 10% of the gross profit.

At the time of trial, the plaintiffs caused a subpoena duces tecum to be issued directing the defendants to produce the cancelled checks used to pay the first few months'

rental and the manila envelopes on which the first few months' rental was figured, but allege they were told that no cancelled checks and manila envelopes for the first few months existed and none were produced. The Coconino Superior Court found for the defendants and entered its judgment accordingly. Subsequently, plaintiffs filed a motion for new trial on the ground of newly discovered evidence, pursuant to Rule 59(a) of the Arizona Rules of Civil Procedure 16 A.R.S. The "newly discovered evidence" consisted of two types: (1) testimonial evidence (recanted testimony of defendant Robert Hamilton) and (2) documentary evidence (consisting of the subpoenaed checks and manila envelopes). The motion for new trial disclosed that one of the defendants, Robert C. Hamilton, came to the office of plaintiffs' counsel, bringing with him the cancelled checks and manila envelopes. At this time, defendant Robert Hamilton made a statement to the effect that he had come into possession of the various bookkeeping entries which now lead him to believe that some of his testimony at the time of trial was mistaken. The trial court denied plaintiffs' motion for a new trial.

■■ We turn first to plaintiffs' contention that the trial court erred in denying their motion for a new trial on the ground of newly discovered evidence. In order to be granted a new trial on the ground of newly discovered evidence, the evidence must be material and incapable of discovery or production at the trial. Ariz. R.Civ.P. 59(a) (4); Schneider v. City of Phoenix, 9 Ariz.App. 356, 452 P.2d 521 (1969). As our Supreme Court stated in Sabin v. Rauch, 75 Ariz. 275, 255 P.2d 206 (1953), *followed* in Lawless v. St. Paul Fire & Marine Ins. Co., 100 Ariz. 392, 415 P.2d 97 (1966):

"It must appear that the purported evidence is such as would probably change the result should the new trial be granted, and it must also appear that such evidence could not have been discovered

before the trial by the exercise of due diligence. 39 Am.Jur. 165 New Trial, sections 158 and 160. The affidavit must show not only that, the defendant did not know of the evidence relied upon but must also show that diligence was used in an effort to discover the same. Sharpensteen v. Sanguinetti, 33 Ariz. 110, 262 P. 609. 39 Am.Jur. New Trial, section 163." 75 Ariz. at 281, 255 P.2d at 209.

■ It is difficult to see how the proffered cancelled checks and manila envelopes can be characterized as newly discovered evidence. Although a subpoena duces tecum did issue with respect to their production, appellants obviously lacked the diligence required under the law. Defendants, in their memorandum in opposition to motion for new trial, alleged they had stated to plaintiffs' attorney that the documents demanded by the subpoena duces tecum, the same documents now alleged as one of the bases of newly discovered evidence requiring a new trial, were in the defendants' attorney's possession during the trial, and that plaintiffs failed to call for their production. The record below supports this contention. Further, evidence obtained through deposition was offered at the trial with respect to the relation of rentals paid over the first three months to an "income" rather than a "profit" basis of rental payment, and additional evidence on this subject would merely have been cumulative.

■ As to the recanted testimony of defendant Hamilton, he testified at the trial that it was his recollection that the lease was intended to provide for rental payments on a profit rather than an income basis. Hamilton now states that upon discovering and reviewing the checks and envelopes in question, his recollection as to the original intent of the parties hereto has been changed, and that an income basis rather than a profit basis was indeed the payment basis contemplated and agreed upon. We note that since the trial the de-

**128**

fendant partnership, of which Hamilton was a member, has dissolved. We further note that aside from the checks and envelopes there was other ample, independent evidence in the records, furnished by the defendants themselves on deposition, that the first three months of the lease were paid on the basis of gross income rather than profit, which should have jarred defendant Hamilton's memory in some respects. We finally note that evidence that would tend merely to contradict or impeach some of the witnesses has been held insufficient to grant a new trial, Murphy v. Thompson, 70 Ariz. 250, 219 P.2d 334 (1950); Blecick v. School Dist. No. 18 of Cochise County, 2 Ariz.App. 115, 406 P.2d 750 (1965), even though the defendant himself has made statements contradicting his own testimony. Aiken v. Protis, 59 Ariz. 101, 123 P.2d 169 (1942).

The trial court could properly take these matters into consideration in determining whether the "newly discovered evidence" would have changed the result of the trial, and whether it had been shown that due diligence was used in plaintiffs' efforts to discover this evidence at trial.

Under the facts in this case we see no abuse of the trial court's discretion in denying the motion for a new trial. Sabin v. Rauch, *supra*.

▇ Plaintiffs have also appealed from the judgment entered in this case, contending that they were entitled to a reformation of the lease agreement by virtue of the evidence presented. Where, as here, sufficient evidence exists upon which the trial court could base its conclusion, the judgment will be affirmed. Turner v. Worth Ins. Co., 11 Ariz.App. 403, 464 P.2d 990 (1970).

The judgment of the trial court is affirmed.

EUBANK, P. J., and HAIRE, J., concur.