560 P.2d 800

**Virginia Ruth BLACK, now known as Virginia Ruth Sharples, Appellant,**

v.

**Jerry L. BLACK, Appellee.**

No. 12637.

Supreme Court of Arizona,
In Division.

Feb. 8, 1977.

Philip M. Haggerty, Phoenix, for appellant.

Cunningham, Goodson & Tiffany by Dow Glenn Ostlund, Phoenix, for appellee.

HOLOHAN, Justice.

This is an appeal from an order of the Superior Court of Maricopa County changing custody of minor children from appellant to appellee. We have assumed jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

The parties in this case were divorced on August 18, 1971. The decree of divorce incorporated a previously arranged property settlement agreement and granted appellant, Virginia Ruth Black, custody of the parties' two minor children, Glen, age eight, and Gregory, age six, subject to appellee Jerry L. Black's reasonable visitation rights as set forth in the property settlement agreement. Appellee was ordered to pay $100 per month per child to appellant as child support until February 1, 1972, when payments were to increase to $125 per month per child.

On December 10, 1973, appellee filed a petition to modify the original divorce decree asking the court to grant him custody of both Glen and Gregory. Appellant filed a petition on the same day requesting that appellee be held in contempt of court for violating the visitation privileges set forth in the original divorce decree, that appel-

lee's future visitation rights be reduced, that the child support payments be increased and that certain of appellant's attorneys' fees be paid. The two petitions were consolidated for hearing. After a hearing the trial court issued a minute entry on January 18, 1974, granting appellee's modification petition and denied appellant's petition. Appellant's petition for a rehearing was denied by the trial court on February 7, 1974. On May 15, 1974, the trial court filed its findings of fact and conclusions of law along with a written judgment in accordance with its minute entry of January 18, 1974. Appellant filed a timely appeal.

Appellant has raised two issues on appeal.

1. Did the trial court err when it modified the original divorce decree and ordered a transfer of child custody from the appellant to appellee?

2. Did the trial court abuse its discretion in denying appellant's motion for rehearing?

A trial court retains continuing jurisdiction to modify a divorce decree with respect to the custody of minor children. A.R.S. § 25–331; *Davis v. Davis*, 78 Ariz. 174, 277 P.2d 261 (1954); *Cone v. Righetti*, 73 Ariz. 271, 240 P.2d 541 (1952). A trial court must make two determinations when it orders the modification of a divorce decree with respect to child custody. First, the court must ascertain whether there has been a change in circumstances materially affecting the welfare of the child. *Galbraith v. Galbraith*, 88 Ariz. 358, 356 P.2d 1023 (1960). Only after this initial finding has been made may the trial court then proceed to determine whether a change in custody will be in the best interests of the child. *Andro v. Andro*, 97 Ariz. 302, 400 P.2d 105 (1965); *Smith v. Smith*, 90 Ariz. 190, 367 P.2d 230 (1961).

We believe that the changes in circumstances in this case were sufficient to materially affect the welfare of the children. Having found this condition precedent, the trial court was then authorized to consider whether a change in custody would be in the children's best interests.

In the testimony elicited at trial and as set forth in the trial court's findings of fact, several events precipitated the actions now before us. Taken separately no one change of circumstance might have been totally sufficient to allow the trial judge to consider a change of custody. However, when viewed together, we believe that the trial court was well within its discretion in determining that the total effect of such changes did materially affect the welfare of the children. The circumstances which had changed since the divorce decree was granted were as follows: (1) appellee had remarried; (2) appellant had cohabited with a boyfriend for several months and continued to do so on weekends prior to the petitions in this case; (3) the elder child, Glen, had run away from appellant's home to appellee's home following a disciplinary action taken by appellant; (4) Gregory, the younger child, had entered school and was having difficulty in adjusting to his new routine; and (5) although appellant had married her boyfriend after the filing of the petition, their living conditions were unsettled. It is our opinion that all of these changes which have taken place since the original decree did have a material effect upon the welfare of the children and adequately supported the trial court's decision to proceed to a determination of the change of custody issue.

As we have previously stated, a change in custody will only be ordered when it will be in the best interests of the child. A.R.S. § 25–332; *Andro v. Andro, supra.* Since the trial judge is in the best position to determine the issues, he is given wide discretion in deciding what will be in the best interests of the child. *Andro v. Andro, supra* ; *Galbraith v. Galbraith, supra.* As set forth in A.R.S. § 25–332(A), the trial court "may consider all relevant factors" when ascertaining the best interests of the child. While the factors that establish a change of circumstances materially affecting a child's welfare are not always completely dispositive of the question of what will be in the child's best interests, they are highly relevant. In this case the factors which constituted a change of circumstance had a direct bearing upon what court action would be in the best interests of the children. When these circumstances were considered together with the testimony by independent witnesses that the children had expressed a desire to live with their father, we believe the trial court acted within its discretion in transferring custody to appellee.

Appellant argues, without contradiction by the appellee, that the trial court conducted an off-the-record interview with the Black children. This was done without a stipulation by the parties. The basis for this argument is found in the trial court's finding of fact No. 13 which states:

"Both children have expressed the opinion *to the Court* that they do not want to continue living with their mother, but want to live with their father and only visit their mother." (Emphasis supplied.)

It is appellant's contention that this finding of fact cannot be based upon such an interview and that the judgment cannot be supported absent such finding. Although we find no record of an interview and agree that it should only have been conducted pursuant to a stipulation between the parties, we believe that such error was harmless in this instance. We are not here faced with a waiver of objection to an interview as in *Bailey v. Bailey*, 3 Ariz.App. 138, 412 P.2d 480 (1966), but implicit in that opinion is a recognition that the parties should be notified of the court's actions. The courts have taken various approaches in considering custodial interviews. *See* Anno. 99 A.L. R.2d 954. We are of the opinion that a judgment sustained by substantial evidence apart from any consideration of the trial court's interview must be affirmed. There was substantial evidence, notwithstanding the court's reference to an interview with the Black children, to support the judgment below.

Appellant contends that the trial court erred in denying her motion for rehearing. Appellant's only contention on appeal is that the trial court should have granted a rehearing based upon "newly dis-

covered" evidence. 16 A.R.S. Arizona Rules of Civil Procedure, rule 59(a)(4). No provision for a motion for rehearing is contained in Rule 59, Arizona Rules of Civil Procedure, but we will treat the matter as the denial of a motion for new trial.

The only "newly discovered" evidence which appellant cites in support of her motion is that Glen first stopped at his paternal grandmother's home and was then transported by car to his father's residence on the day that he ran away. We do not believe that this qualifies as "newly discovered." At the trial court hearing appellant was asked by her own attorney:

Question: "And subsequently on Wednesday, the next day, did Glen come home from school?"

Answer: "No, went to his Grandma's."

It is obvious from appellant's response that she was aware of the circumstances surrounding Glen's run-away at the time of the original hearing. In order to grant a motion on the grounds of "newly discovered" evidence, it must appear to the trial court that such evidence would probably change the result upon rehearing and that it could not have been discovered before the trial by the exercise of due diligence. *Sabin v. Rauch*, 75 Ariz. 275, 255 P.2d 206 (1953); *Ghyselinck v. Buchanan*, 13 Ariz. App. 125, 474 P.2d 844 (1970). "Newly discovered" evidence asserted in this case was fully available to appellant at the time of the original hearing. Furthermore, it does not appear that the trial court's judgment was in any way dependent upon the fact that Glen had stopped at his grandmother's home prior to being transported to his father's residence. The trial court was correct in denying appellant's motion for rehearing.

The judgment is affirmed.

STRUCKMEYER, V. C. J., and GORDON, J., concur.