638 P.2d 692

**In the Matter of the Appeal in MARICO-PA COUNTY JUVENILE ACTION NO. JD-561.**

**No. 15389-PR.**

Supreme Court of Arizona, En Banc.

Dec. 7, 1981.

Nile B. Smith, Phoenix, for appellant natural father.

Robert K. Corbin, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for Arizona Dept. of Economic Security.

Jane Bayham-Lesselyong, Phoenix, for minor.

HOLOHAN, Vice Chief Justice.

Appellant's daughter was adjudicated dependent and awarded to the custody of the Department of Economic Security for placement in foster care. Appellant appealed and the court of appeals affirmed the decision of the superior court. We granted appellant's petition for review. The opinion

of the court of appeals is vacated. *In re Appeal in Maricopa County Juvenile Action No. JD–561,* 131 Ariz. 50, 638 P.2d 717 (1981).

The essential facts are that on December 18, 1979, the Arizona Department of Economic Security filed a petition in the Maricopa County Juvenile Court requesting that appellant's ten and one-half year old daughter be declared a dependent child. The petition alleged specific acts performed by appellant upon his daughter which would constitute sexual molestation. The dependency petition also alleged that the daughter had been subjected to past physical abuse.

At the dependency hearing on the petition, the child's appointed counsel filed a motion requesting that the child not be required to testify at the hearing as to the details of the alleged sexual molestation. In the event the child's testimony was necessary to prove dependency, counsel requested that the child be interviewed by the judge in chambers with all parties and their attorneys excluded pursuant to Rule 19, Rules of Procedure for the Juvenile Court, 17A A.R.S. Appointed counsel also asked the trial court to allow the child's therapist to be present at the interview.

Over the objection of counsel for appellant, the motion was granted. The daughter was interviewed by the judge without anyone being present except the therapist and a court reporter who transcribed the conversation. In its judgment, the trial court specifically found the allegations of sexual contact to be true and determined the child to be a dependent child as defined by A.R.S. § 8–201(10).

The sole issue on appeal is whether appellant was denied due process of law when he was not permitted to be present and cross-examine his daughter during her appearance before the trial judge in chambers.

Rule 19, Rules of Procedure for the Juvenile Court, 17A A.R.S., provides:

> In any hearing pursuant to these rules, the general public may be excluded and only such persons admitted as have a direct interest in the case. The court may further excuse any party other than

the child from any hearing, except that the child may be excluded in matters not involving the commission of an act which would be the violation of the criminal law if committed by an adult and the court may exclude the child at the request of the child's attorney.

Although the quoted rule seems to authorize the action taken by the trial judge, the basic question remains: Was the appellant denied due process?

■ The determination of whether there has been a denial of due process depends upon the nature of the proceedings, the private interests at stake, the interests of the state, and the risk that the procedures used will lead to erroneous decisions. *Lassiter v. Department of Social Services of Durham County,* 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); *In re Appeal in Gila County Juvenile Action No. J–3824,* 130 Ariz. 530, 637 P.2d 740 (1981). The task of the courts is to weigh and balance the competing interests. *Hernandez v. State ex rel. Arizona Department of Economic Security,* 23 Ariz.App. 32, 530 P.2d 389 (1975); *see also Kinsella v. United States ex rel. Singleton,* 361 U.S. 234, 80 S.Ct. 297, 4 L.Ed.2d 268 (1960).

■ The right to custody and control of one's children is fundamental. *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *In re Appeal in Pima County Juvenile Action No. J–46735 v. Howard,* 112 Ariz. 170, 540 P.2d 642 (1975). The parent's interest in this relationship is protected and may not be changed by the state without due process of law and strict compliance with the statutes involved. *Webb v. Charles,* 125 Ariz. 558, 611 P.2d 562 (App.1980); *In re Appeal in Maricopa County Juvenile Action No. JS–734,* 25 Ariz.App. 333, 543 P.2d 454 (1975).

■ The state has a vital interest in the status of the parent-child relationship and, because of the importance of this interest, the state may intrude into the parent-child relationship to protect the welfare of the

child and the state's own interest in the welfare of its citizens. *In re Appeal in Gila County Juvenile Action No. J–3824, supra.*

▮ Recognizing that children are persons with their own special needs, Arizona courts have acknowledged the right of a child to effective parental care. *In re Appeal in Maricopa County Juvenile Action No. J–75482,* 111 Ariz. 588, 536 P.2d 197 (1975). Implicit in this right of proper parental care are the rights to good physical care and emotional security. *Hernandez v. State ex rel. Arizona Department of Economic Security,* 23 Ariz.App. 32, 530 P.2d 389 (1975). The state has an interest in dependency proceedings in protecting children from abuse and neglect. The parents' interest is to preserve the family and maintain custody and control of their minor children.

In balancing the competing interests, counsel for appellee argues that serious emotional harm will be engendered if the minor is subjected to questioning in the presence of appellant or his attorney and to the rigors of cross-examination. Counsel further contends that such harm outweighs appellant's asserted right to cross-examine his daughter in open court.

▮ The pivotal question in this dependency hearing was whether the appellant committed the acts alleged in the petition. If so, the child is declared a dependent child entitled to have proper care and control provided by the state. *In re Appeal in Maricopa County Juvenile Action No. J–75482, supra.* Because the appellant's substantial right to the custody and control of his child turned on proof of the allegations contained in the dependency petition, the dependency hearing was an adversary conflict in the truest sense. In adversary proceedings involving less vital matters than those in this case, courts have held that parties have a right to cross-examine the witnesses presented against them in civil and administrative matters. *See Interstate Commerce Commission v. Louisville & N. Railroad,* 227 U.S. 88, 33 S.Ct. 185, 57 L.Ed. 431 (1913); *Application of Levine,* 97 Ariz. 88, 397 P.2d 205 (1964); *Bennett v. Arizona*

*State Board of Public Welfare,* 95 Ariz. 170, 388 P.2d 166 (1963); *Forman v. Creighton School District No. 14,* 87 Ariz. 329, 351 P.2d 165 (1960). Considering the nature of the interests involved in this case, it is essential under the adversary system that parents be given the opportunity to challenge the testimony of their children when such testimony is essential to establishing the parental misconduct alleged in the petition. Without the opportunity to test the reliability of a child's statements, the adversary process is subverted and made meaningless.

▮ This court, in the divorce case of *Black v. Black,* 114 Ariz. 282, 560 P.2d 800 (1977), noted that *ex parte* interviews between trial judges and children should not be undertaken absent stipulation of the parties. We believe that the rule in *Black, supra,* is equally applicable to dependency matters.

▮ In the interests of fairness and impartiality, this court concludes that, absent stipulation of the parties, parents are denied due process of law when refused the right to cross-examine their children during a dependency hearing. We recognize, however, there may be instances in which the court may wish to limit the conditions under which children are examined by providing that examination be in chambers or by providing that only counsel for the parties be present. Testimony which is traumatic in nature would merit an examination in chambers, and the presence of counsel alone would be justified where a party's presence is potentially inhibiting. Such reasonable limitations would protect the emotional interests of the child while preserving the parents' due process right of cross-examination.

The present matter was brought on appeal without a trial transcript so that unlike the situation in *Black, supra,* where evidence in the record was so substantial that the results of the in-chambers interview could be considered harmless, we cannot in this case make a finding from the record that the error was harmless. Accordingly, the judgment of the superior court is re-

versed and the case is remanded to that court for further proceedings consistent with this opinion.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.