NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

GINA MARIE HOPKINS, *Petitioner/Appellant*,

*v.*

CHRISTOPHER DOUGLAS HOPKINS, *Respondent/Appellee*.

No. 1 CA-CV 21-0682 FC
FILED 5-18-2023

Appeal from the Superior Court in Maricopa County
No. FC2015-000378
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Dickinson Wright PLLC, Phoenix
By Marlene A. Pontrelli, Vail C. Cloar, Alexandra Crandall
*Counsel for Petitioner/Appellant*

Hoffman Legal, LLC, Phoenix
By Amy W. Hoffman, Jason M. Ceola
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Angela K. Paton joined.

---

**W I L L I A M S**, Judge:

**¶1**　　　　Gina Hopkins ("Mother") appeals the superior court's legal decision-making and parenting time order. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　Mother and Christopher Hopkins ("Father") divorced in 2015. They have one minor child born in 2013. Mother was awarded sole legal decision-making authority, and Father was awarded supervised parenting time twice each week for two hours each time. The court found Father "ha[d] a serious issue with drugs," and was particularly concerned with the interplay between Father's drug use and his mental health.

**¶3**　　　　The following year, the parties agreed that Father's parenting time should be unsupervised. The court accepted their Rule 69 agreement, Ariz. R. Fam. Law P. 69, and issued an order reflecting that change.

**¶4**　　　　In 2019, Father petitioned the court to modify legal decision-making and parenting time, arguing he had undergone "many positive changes" since the divorce. One month later, the court ordered Father to undergo random drug testing. Father tested positive for marijuana. Father agreed to undergo a "comprehensive" substance abuse assessment and drug counseling, which he completed by the end of 2019. The court then increased Father's parenting time temporarily beginning in early 2020.

**¶5**　　　　By mid-2020, Mother sought an order of protection for her and the child alleging several concerning incidents involving Father. For example, Mother claimed Father forced the child to stick her finger in hot wax; that Father spanked the child hard enough to wake her from a nap; that Father forced the child to cuddle with him while both were shirtless and then told the child not to tell Mother; and that Father rubbed the child's backside. The court issued the order of protection *ex parte*, but later dismissed it following an evidentiary hearing when the Department of Child Safety concluded the allegations were unsubstantiated. The court

reinstated Father's temporary parenting time, but required it be supervised by Father's girlfriend.

¶6          Mother also moved the court to appoint a mental health professional to conduct a Comprehensive Family Evaluation ("CFE") before the court issued its final order on Father's petition. The court obliged and appointed Julie Skakoon, MC, LPC. Ms. Skakoon reviewed the parents' history and health records, and interviewed the child, the parties, and the parties' significant others. She also observed the child at home with each parent. Ms. Skakoon opined that Father's mental health history and substance abuse had not been adequately remedied. She also noted that although the child "loves her Father and is bonded to him," Father's boundaries with the child were "skewed, lax and inconsistent." Ms. Skakoon recommended that Mother maintain sole legal decision-making authority and that Father's parenting time remained supervised.

¶7          Mother, Father, Father's girlfriend, and Ms. Skakoon testified at an evidentiary hearing in 2021. Father testified that, aside from the drug test directly following the filing of his petition, he had "stopped using all drugs in 2014," and that he had had several negative drug tests since he filed the petition. Despite having had a medical marijuana card, Father also testified he had "eliminated all substances out of [his] life" to be a part of his child's life.

¶8          Father's girlfriend testified regarding her observations of Father and child; about Father's strengths as a parent; and that she had not seen Father do anything harmful to the child or anything she would need to report.

¶9          Ms. Skakoon described Father as "too guarded to cooperate" in the psychological assessment and testified that Father's girlfriend attempted to "present herself as being free of psychological problems in order to influence the outcome of the custody evaluation." Ms. Skakoon felt Father's behavior was "unsafe towards Mother" and that Father lacked boundaries with the child.

¶10          The superior court awarded joint legal decision-making authority and equal parenting time. The court reasoned that "Father has addressed many of the issues which led to restrictions on his parenting time," specifically noting Father's completion of substance abuse counseling and a series of negative drug tests following the filing of his petition. The court also found these facts corroborated Father's testimony that he is "doing well mentally." The court acknowledged that the CFE was

"not favorable to Father" but stated that the evaluator "appear[ed] to focus on the past rather than [Father's] current parenting capabilities."

**¶11** Mother timely appealed the superior court's order. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶12** Mother contends the superior court erred by (1) finding that a material change in circumstances warranting modification existed, (2) finding that increased parenting time with Father was in the child's best interests, and (3) failing to properly consider the CFE.

*I.     Material Change in Circumstances*

**¶13** Generally, before modifying a legal decision-making and parenting time order, the superior court must first find that there has been a material change in circumstances, since the previous order, that affects the welfare of the child. *Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020). The court has "broad discretion" in determining whether a change of circumstances has occurred, and we will not reverse that determination absent a clear abuse of discretion. *Pridgeon v. Superior Ct.*, 134 Ariz. 177, 179 (1982).

**¶14** Mother argues that Father's mental health and substance abuse issues, which existed in 2015, continue. She is correct that Father tested positive for marijuana once shortly after filing his petition to modify. And Mother points to the CFE as evidence of Father's continued alcohol use, as well as Ms. Skakoon's belief that Father continues to have issues with both substance abuse and his mental health. But Father also presented evidence that his substance use is under control, including his completion of court-ordered treatment, several negative drug tests, and his own testimony that he had eliminated drugs from his life. Although the CFE included findings that Father consumed "three (3) to four (4) [alcoholic] drinks" per day, the CFE contradicted itself by also finding that Father drinks two to three per *week*.

**¶15** Though Mother may disagree with the conclusion the court reached after it considered competing evidence, the court acted within its discretion in determining what weight to give that competing evidence and what evidence was credible. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347–48, ¶ 13 (App. 1998). Because reasonable evidence supports the court's finding that a material change in circumstances occurred between the 2015 decree

of dissolution (including the minor change to Father's parenting time the year following), and its 2021 order modifying legal decision-making and parenting time, Mother has failed to show an abuse of discretion.

## II.    *Child's Best Interests and the CFE*

**¶16**        Mother also argues that the superior court incorrectly found a change in legal decision-making authority and equal parenting time was in the child's best interests.

**¶17**        Once a superior court determines a material change in circumstances exists affecting the welfare of the child, it must then analyze whether a change in legal decision-making and/or parenting time will be in the best interests of the child. *Backstrand,* 250 Ariz. at 343, ¶ 14. In doing so, A.R.S. § 23-403 requires the court to consider "all factors that are relevant to the child's physical and emotional well-being," including those eleven factors listed in A.R.S. § 25-403(A). The court must also consider additional factors regarding legal decision-making set forth in A.R.S. § 25-403.01(B). The court is "given wide discretion in deciding what will be in the best interests of the child" and we will reverse only if the court abuses that discretion. *See Black v. Black*, 114 Ariz. 282, 284 (1977).

**¶18**        Mother argues the court did "not sufficiently take into account [the] child's needs," including the effect that dramatically changing the parenting time schedule would have on the child, and that evidence of a "plethora of [Father's] inappropriate behaviors" are listed in both the CFE and her order of protection.

**¶19**        But the superior court expressly considered each factor it was required to under both A.R.S. §§ 25-403(A) and -403.01(B). In doing so, the court considered the child's generalized anxiety disorder and instituted a parenting time plan to help the child "acclimate to the change."

**¶20**        Mother also argues the court "ignore[d] the neutral and detailed recommendations in the CFE." But again, the court clearly considered it:

> The Court notes that Ms. Skakoon completed a comprehensive family evaluation which is not favorable to father. That said, the Court agrees with father's assertion that the evaluation appears to focus on the past rather than current parenting capabilities.

¶21     What weight to give Ms. Skakoon's opinion and recommendation set forth in the CFE was within the court's discretion, and Mother has not shown the court abused that discretion. *See Larchick v. Pollock*, 252 Ariz. 364, 368, ¶ 17 (App. 2021); *see also Sholty v. Sherrill*, 129 Ariz. 458, 461 (App. 1981) ("In matters such as child custody and visitation, we believe the opinion of a psychiatrist or psychologist is advisory only and not controlling."). To be sure, courts are not permitted to "delegate a judicial decision to an[y] witness nor abdicate its responsibility to exercise independent judgment." *Depasquale v. Superior Ct. in and for Maricopa Cnty.*, 181 Ariz. 333, 336 (App. 1995). On this record, Mother has shown no error.

¶22     Father requests attorney's fees on appeal under A.R.S. § 25-324(A) After considering the parties' financial resources and the reasonableness of positions taken on appeal, in our discretion, we deny his request. We also deny Father's request under A.R.S. § 25-324(B). We award Father his costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶23     We affirm the superior court's order.

