NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

In re the Marriage of:

CAMILYN LOIS TINOCO, *Petitioner/Appellee,*

*v.*

ISRAEL JACOB TINOCO, *Respondent/Appellant.*

No. 1 CA-CV 22-0618 FC
FILED 7-27-2023

---

Appeal from the Superior Court in Maricopa County
No. FC2018-096824
No. FC2018-097032
The Honorable Lisa Stelly Wahlin, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Law Offices of Kevin Jensen PLLC, Mesa
By Kevin Jensen
*Counsel for Petitioner/Appellee*

Hoffman Legal, LLC, Phoenix
By Amy Wilkins Hoffman, Jason M. Ceola
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Andrew M. Jacobs joined.

**P A T O N**, Judge:

¶1        Israel Jacob Tinoco ("Father") appeals the order dismissing his petition to modify parenting time.  We reverse and remand for reconsideration.

**FACTS AND PROCEDURAL HISTORY**

¶2        Father and Camilyn Lois Tinoco ("Mother") divorced in 2020 and have twins who were born in 2018.  In its dissolution decree, the court awarded the parties joint legal decision-making authority, named Mother the primary residential parent, and awarded Father parenting time every other weekend from Friday to Sunday and two hours every Wednesday evening.  The court found both parents acted unreasonably, and warned that "[s]peaking negatively to a child about a parent may harm the child[] and it "may consider negative, insulting, bullying, or other inappropriate behavior in determining whether legal decision-making or parenting time should be changed."

¶3        Two years later, Father petitioned to modify the parenting time orders based on several alleged changed circumstances, including that his relationship with the now four-year-old twins had "blossomed" with the consistent parenting time he received via the decree.  He also alleged that Mother interfered with his parenting time in several ways, including taking "random days . . . away from Father and call[ing] them her 'vacation day[s]'" and declining, interrupting, or ending his phone calls with the children.  Father claimed Mother's new husband made disparaging comments about Father when they exchanged the children, and once prevented Father from comforting his crying son.  Father alleged that Mother refused to tell him about the children's preschool location and extracurricular activities which prevented him from attending or participating in them.  Finally, he alleged that Mother and her husband insist that the children call her husband "dad."

¶4        Mother moved to dismiss Father's petition under Arizona Rule of Family Law Procedure ("Rule") 29(a)(6) for failure to state a claim.

She argued that Father's modification request failed to allege substantial and continuing changed circumstances materially affecting the children—specifically that Father's improved relationship with the children, the children's attendance at preschool, and the children calling her husband "dad," did not constitute changed circumstances. She denied the allegations that she interfered with Father's parenting time or phone calls and argued that, even if true, these allegations would be relevant to an enforcement, not modification, petition.

¶5            The superior court expressed concern about Mother's alleged failure to follow the decree, but determined it was irrelevant to a request to modify parenting time. The court found that "the only substantial and continuing change Father alleged was that time had passed and the children were a little older" and "without more," was insufficient to "constitute a substantial and continuing change of circumstances that materially affects the minor children's welfare."

¶6            Father appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(2).

## DISCUSSION

I.       **We review the superior court's order dismissing Father's petition to modify parenting time for an abuse of discretion.**

¶7            We generally review an order granting a motion to dismiss de novo. *See Coleman v. City of Mesa*, 230 Ariz. 352, 355–56, ¶¶ 7–9 (2012) (When considering an Arizona Rule of Civil Procedure 12(b)(6) motion to dismiss, the court assumes the truth of all well-pled factual allegations and only grants it if the non-moving party "would not be entitled to relief under any interpretation of the facts susceptible of proof.") (citation omitted); *Cox v. Ponce*, 251 Ariz. 302, 304, ¶ 7 (2021) (applying same standard of review to Arizona Rule of Family Law Procedure 29(a)(6) motion to dismiss as "family law equivalent" of Rule 12(b)(6) motion). Appellate courts apply a de novo standard of review because the facts are accepted as true at this stage, and the court must answer the legal question of whether the facts state a claim.

¶8            As relevant here, however, we review the superior court's ruling as to whether changed circumstances exist in deciding a modification petition for an abuse of discretion. *Pridgeon v. LaMarca*, 134 Ariz. 177, 179 (1982). When considering a motion to modify parenting time, the court must first determine whether the petition alleged changed circumstances materially affecting the children's welfare. *Backstrand v. Backstrand*, 250

3

Ariz. 339, 343, ¶ 14. "Only if it finds such a change in circumstances may it 'then proceed to determine whether a change in custody will be in the best interests of the child.'" *Id.* (quoting *Black v. Black*, 114 Ariz. 282, 283 (1977)). We thus review the superior court's decision regarding whether changed circumstances exist for an abuse of discretion because it is a factual inquiry, *see id.*, and defer to the superior court sitting as fact finder, *see Gutierrez v. Gutierrez*, 193 Ariz. 343, 347–48, ¶ 13 (App. 1998).

¶9            Although Mother moved to dismiss under Rule 29(a)(6), her motion essentially responded to the allegations in the petition to modify. And the superior court granted Mother's Rule 29 motion to dismiss only after finding that Father's petition failed to allege changed circumstances materially affecting the children's welfare. That ruling is reviewed for abuse of discretion. *See Backstrand*, 250 Ariz. at 343, ¶ 14. The court abuses its discretion when it makes a decision unsupported by the record or commits an error of law in reaching a discretionary conclusion. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018).

**II.      The superior court erred by only considering whether the children's ages were a changed circumstance sufficient to support Father's petition to modify parenting time.**

¶10            Father argues the superior court erred when it failed to consider the totality of the allegations he raised in his petition to modify parenting time. The superior court concluded that Father's only allegation of a changed circumstance was the children's age, and "without more," "[did] not constitute a substantial and continuing change of circumstances that materially affect[ed] the children's welfare." But, as discussed *supra* ¶ 3, Father raised several other allegations of changed circumstances materially affecting the children, including Mother's remarriage and her new husband's interactions with the children, and that the children were now in preschool and other activities that he was not kept apprised of.

¶11            While remarriage alone may not be a changed circumstance sufficient for modification, it may be considered one in combination with other changes. *See Black*, 114 Ariz. at 284 (holding that several changes of circumstance, including a parent's remarriage, collectively had a material effect on the children's welfare, even though any one of those changes alone may not have); *Stapley v. Stapley*, 15 Ariz. App. 64, 71 (1971) (holding that mother's remarriage alone was not a basis for custody modification but "was a factor to consider in combination with other circumstances"). Here, the court did not consider whether this allegation was a change in

circumstance materially affecting the children's interests and should do so in combination with Father's other alleged circumstances on remand.

¶12            Father also alleged that Mother failed to comply with the court's express language in the dissolution decree that it may consider any "inappropriate behavior" by either parent in deciding whether to modify parenting time in the future.  The dissolution decree recognized Mother's efforts to thwart Father's parenting time and cautioned it may consider "inappropriate behavior" by either parent in deciding whether to modify parenting time in the future.  Here, the superior court determined that Mother's alleged noncompliance with the decree was "not relevant" to Father's petition.  Given the specific and express directive in the decree as to parenting time, and Father's allegation that Mother violated it, the court should consider this allegation in combination with the other alleged circumstances on remand.  *See Stapley*, 15 Ariz. App. at 70–71 (holding it is appropriate to consider a parent's violation of court orders "as a change of condition and as a factor in determining the child's welfare").

¶13            The court further erred to the extent it required Father to show a "*substantial and continuing* change of circumstances" materially affecting the welfare of the children (emphasis added).  A parent seeking modification need only show a "change of circumstances materially affecting the welfare of the child."  *Backstrand*, 250 Ariz. at 343, ¶ 14 & n.1 (noting that courts are bound by this judicial precedent even though the statute requires no such change or showing).  *But cf.* A.R.S. § 25-503(E) (requiring a petitioner for child support modification to show a "changed circumstance that is substantial and continuing").

## ATTORNEYS' FEES ON APPEAL

¶14            Both parties request attorneys' fees and costs on appeal under Section 25-324.  We have no evidence of the parties' current financial resources, and neither party took unreasonable positions.  In the exercise of our discretion, we decline to award either party attorneys' fees on appeal.  As the successful party on appeal, Father is entitled to his reasonable costs under Section 12-342.

## CONCLUSION

**¶15**        We reverse the order dismissing Father's petition to modify parenting time and remand for reconsideration consistent with this decision.

