NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SKYLER H. REEVES, *Petitioner/Appellee,*

*v.*

KELLY L. REEVES, *Respondent/Appellant.*

No. 1 CA-CV 24-0004 FC

FILED 09-05-2024

Appeal from the Superior Court in Yavapai County
No. P1300DO201500178
The Honorable Thomas K. Kelly, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Law Office of Daniel DeRienzo P.L.L.C., Prescott Valley
By Daniel J. DeRienzo
*Counsel for Petitioner/Appellee*

Mull & Brown, PLLC, Prescott
By John G. Mull, Esq.
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

_____

**F O S T E R**, Judge:

¶1        Kelly Reeves ("Mother") appeals a superior court's ruling modifying legal decision making, parenting time and child support. For the following reasons, this Court affirms.

### FACTS AND PROCEDURAL HISTORY

¶2        Mother and Skyler Reeves ("Father") have one minor child ("Child") in common, born in 2012. They divorced in 2015, and the court ordered less-than-equal parenting time to Father, joint legal decision making and child support payments to Mother. Father retained less-than-equal parenting time after the parties amended the parenting plan in 2019.

¶3        In May 2022, Mother prevented Father from exercising several parenting time days when she refused to allow him to take Child on vacation to California. Initially, Mother approved the trip but withdrew her approval when she learned that Child would spend several days with maternal grandparents and fly back to Arizona alone.

¶4        Following this dispute, Father petitioned to modify legal decision making, parenting time, and child support because of concerns about Mother's behavior and familial disputes. He alleged that Mother's disparaging remarks and erratic behavior had increased and were impacting Child. Additionally, Mother's behavior made co-parenting unworkable. At the same time, Father moved for contempt sanctions, arguing that Mother "willfully and knowingly failed to comply" with their parenting time and legal decision making agreement; he also sought temporary orders modifying parenting time and legal decision making. The next month, the court entered temporary orders awarding Father sole legal decision making authority.

¶5        In April 2023, Mother moved to compel Father to produce his financial affidavit and disclose requested business records. Ariz. R. Fam. Law P. 49(e)(1), 51, 65. She also sought sanctions for Father's disclosure delay. Father moved for a protective order, arguing that Mother's discovery

2

request was overly broad and producing the documents would be unduly burdensome. Then Father filed his Affidavit of Financial Information ("Father's Affidavit"). In July, the court granted, in part, Mother's motion to compel and ordered Father to produce certain business and tax records under seal and *in camera*. The court ordered the parties to work together to provide Mother copies of the financial records, but for reasons unclear in the record, some documents Mother requested were not copied. Mother moved to direct Father to produce those records.

¶6 On the day of trial, the court denied Mother's motion to sanction Father for failing to provide Mother with the copied documents. But the court ordered the parties to defer presenting child support evidence until Mother could review the documents she claimed were missing, a remedy that Mother did not object to. Mother had the opportunity to review the records over the lunch break, after which the court heard the child support portion of the trial. After trial, the court ordered joint legal decision making, with Father having "final say" authority; approximately equal parenting time; and Father to pay child support, based on the gross monthly income provided on Father's Affidavit. The court denied both parties attorneys' fees.

¶7 Mother timely appealed. This Court has jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

¶8 Mother raises three issues on appeal challenging the superior court's (1) modification of parenting time and legal decision making, (2) determination of Father's income for child support calculations and (3) denial of her attorneys' fees request.

## I. The superior court did not abuse its discretion by modifying the parties' parenting time and legal decision making.

¶9 Mother argues that insufficient evidence supports a "substantial change in circumstance" and contends that equal parenting time and Father's "final say" authority was not in Child's best interests. This Court reviews orders modifying parenting time or legal decision making for an abuse of discretion. *Gish v. Greyson*, 253 Ariz. 437, 444, ¶ 31 (App. 2022). If no competent evidence supports the decision, then the court has abused its discretion. *Amadore v. Lifgren*, 245 Ariz. 509, 513, ¶ 5 (App. 2018).

A. Evidence supports that a change in circumstance materially affected Child's welfare.

¶10          To modify parents' legal decision making and parenting time, "the superior court must engage in a two-stage inquiry." *Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020). "First, the court must ascertain whether there has been a change of circumstances materially affecting the welfare of the child." *Id.* (quoting *Black v. Black*, 114 Ariz. 282, 283 (1977)). Although the change need not be detrimental to the child, *id.* at 341, 344, ¶¶ 1, 20, the court may find a material change "when the change has caused the [prior order] to serve its purpose no longer," *id.* at 344, ¶ 17.

¶11          Here, the superior court failed to make a specific finding that a material change in circumstances occurred. But "on appeal the court must assume that the trial court found every fact necessary to support its judgment and must affirm if any reasonable construction of the evidence justifies the decision." *State v. Porter*, 251 Ariz. 293, 301, ¶ 25 (2021) (quoting *Stevenson v. Stevenson*, 132 Ariz. 44, 46 (1982)) (cleaned up). "Implied in every judgment, in addition to the express findings made by the court, are any additional findings necessary to sustain the judgment, if reasonably supported by the evidence and not in conflict with the express findings." *Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 191, 193 (App. 1992); *accord Nia v. Nia*, 242 Ariz. 419, 422, ¶ 7 (App. 2017) (stating that this Court relies on both found and implied facts in the judgment). Thus, "[this Court] may examine the record to determine whether the facts support that implicit finding." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 17 (App. 2004).

¶12          In reviewing Mother's behavior and comments, the court found that Mother's "inappropriate comments made in the presence of the Child regarding Father and other family members [wa]s detrimental to the [C]hild." Additionally, after her home was broken into, Mother sent a letter to her attorney accusing Father of the burglary because he was her "only enemy in town." A screenshot of that letter ended up on Child's phone. Mother also sent a text message to Child that paternal grandmother was a mean person. The court implicitly found that based on this evidence, Mother's erratic behavior was consistent with changed circumstances since the parties' prior parenting plan in 2019.

¶13          The superior court also reviewed the allegation that Mother interfered with Child during Father's parenting time. In addition to the California trip that led to Father's modification request, Mother refused to allow Child to take two trips proposed by Father: one to a Mexican resort

with Father and another to Paris with paternal grandmother. Though Mother claims that her position regarding the trips was in Child's best interests because, in part, it would require solo plane travel, she is really requesting that this Court reweigh the evidence. Similarly, Child has a best friend whom Child sees during Father's parenting time, but Mother commanded Child not to visit that friend's house during Father's parenting time. Mother also told Child's caretaker, whom Father employs, that she would "get the authority involved" because the caretaker would not communicate with Mother. Although Mother provides justifications for these interferences, it is not for this Court to reweigh such evidence. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 31 (App. 2019).

**¶14**　　　　Here, substantial evidence also supports that Mother's behavior materially affected Child. The court credited Father's evidence showing that Child is routinely caught in the middle of the contentious relationship between Mother and Father, causing her anxiety. Because evidence supports that Mother's actions have affected Child, the court was justified in modifying the parenting plan.

### B. Evidence supports that modification was in Child's best interests.

**¶15**　　　　When determining legal decision making or parenting time, a court must consider the child's best interests. A.R.S. § 25-403(A). "As a general rule equal or near-equal parenting time is presumed to be in a child's best interests." *Woyton v. Ward*, 247 Ariz. 529, 531, ¶ 6 (App. 2019). But the court must review all relevant factors, including eleven enumerated in statute, when making its determination. A.R.S. § 25-403(A).

**¶16**　　　　Here, before the modification, Mother had more than half of the parenting time. The superior court made specific findings on the eleven enumerated factors sufficient to justify its modification order. The court considered that Child has a good relationship with both Mother and Father; Child was adjusted to home, school and community; both parents completed required parent education provisions; and neither parent committed domestic violence, child abuse or neglect, coercion to obtain an agreement, misled the court or unnecessarily delayed proceedings. *See* A.R.S. § 25-403(A)(1)–(3), (7)–(11). But the court also considered that Mother's disparaging remarks could impact Child's present and future relationship with Father; Mother's behavior was inappropriate and irrational; and Father was more likely than Mother to allow Child to have "frequent, meaningful and continuous contact with" the other parent. *See* A.R.S. § 25-403(A)(1), (5)–(6). Due to Child's age, the court found the fourth

factor concerning the opinion of a child inapplicable. *See* A.R.S. § 25-403(A)(4). The evidence at trial and the specified and implied findings support the court's order; the court did not abuse its discretion.

## II. The superior court did not violate Mother's due process rights.

**¶17** Mother also claims that the court violated her due process rights in determining Father's income for child support calculations. Due process violations are reviewed *de novo. Backstrand*, 250 Ariz. at 346, ¶ 28.

**¶18** Mother bears the burden of showing that her due process rights were violated. *Dep't of Child Safety v. Beene*, 235 Ariz. 300, 304, ¶ 8 (App. 2014). "'The touchstone of due process under both the Arizona and federal constitutions is fundamental fairness.'" *Backstrand*, 250 Ariz. at 346, ¶ 29 (quoting *Jeff D. v. Dep't of Child Safety*, 239 Ariz. 205, 207, ¶ 6 (App. 2016)). "The 'fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner."'" *Fay v. Fox in & for Maricopa Cnty.*, 251 Ariz. 537, 541, ¶ 24 (2021). But this right "must be balanced against the superior court's broad discretion to impose reasonable time limits on proceedings and control the management of its docket." *Backstrand*, 250 Ariz. at 346, ¶ 29.

**¶19** Disputes about the volume and burden of producing Father's financial documents initially delayed disclosure. But once the court ordered limited production, Father complied by bringing his records for review at the designated time. Mother inspected Father's financial documents one month before trial and requested that Father produce copies for trial. Although some records were not copied and provided to Mother, the record is not clear that Father was to blame, nor did the court determine he was. Instead, the court delayed hearing the financial record evidence until Mother could review the missing documents, a remedy Mother did not object to. When trial resumed that afternoon, Mother did not object to the court proceeding on the support issue, nor did she object to admitting the financial records into evidence. Mother also had the opportunity to cross examine Father about his purported income based on his financial documents.

**¶20** Similarly, the court did not violate Mother's due process by relying on Father's Affidavit to determine his monthly income. Based on the limited record before this Court, Father's financial records projected a monthly income less than the amount he provided on his Affidavit. And although Mother reviewed the financial documents, she offered no evidence that Father's monthly income exceeded the affidavit amount.

**¶21**      The superior court did not violate Mother's due process rights.

### III.    The superior court did not abuse its discretion by denying Mother's request for attorneys' fees.

**¶22**      Lastly, Mother argues that the superior court erred by denying her an award of attorneys' fees. This Court reviews a fee award for an abuse of discretion. *A. Miner Contracting, Inc. v. Toho-Tolani Cnty. Improvement Dist.*, 233 Ariz. 249, 261, ¶ 40 (App. 2013).

**¶23**      In cases involving a decree modification, the court may award attorneys' fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken." A.R.S. § 25-324(A). After reviewing the parties' financial resources from the record and their positions in superior court, this Court concludes the superior court's denial of attorneys' fees was not an abuse of its discretion.

### CONCLUSION

**¶24**      For the reasons above, this Court affirms.

**¶25**      Mother requests attorneys' fees and costs under A.R.S. § 25-324. Father also requests attorneys' fees and costs under A.R.S. §§ 12-349 and 25-324 and Arizona Rule of Civil Appellate Procedure 21 ("Rule 21"). This Court declines sanctions of attorneys' fees for Father because Mother's claims were not brought or defended without substantial justification, to delay or to harass; her claims did not unreasonably expand or delay proceedings; and Mother did not abuse discovery on appeal. *See* A.R.S. § 12-349(A). And after considering the parties' financial resources and the reasonableness of their positions on appeal, this Court, in its discretion, declines to award either side attorneys' fees. A.R.S. § 25-324(A). But this Court awards Father his costs on appeal as the successful party, upon compliance with Rule 21. A.R.S. § 12-341.

