NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

COURTNEY HAMPTON, *Petitioner/Appellee*,

*v.*

TYRONE LOFTON, *Respondent/Appellant*.

No. 1 CA-CV 25-0650 FC

FILED 03-31-2026

Appeal from the Superior Court in Maricopa County
No. FC2011-095119
The Honorable Michael Valenzuela, Judge

**AFFIRMED**

APPEARANCES

Tyrone Lofton, Mesa
*Respondent/Appellant*

Courtney Hampton, Gilbert
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Daniel J. Kiley and Judge Cynthia J. Bailey joined.

---

**W I L L I A M S,** Judge:

**¶1** Tyrone Lofton ("Father") appeals the superior court's denial of his petition to modify legal decision-making, parenting time, and child support. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2** Father and Courtney Hampton ("Mother") have one child ("Child") together, born in 2010. In 2013, the parties divorced by consent decree wherein they agreed to share joint legal decision-making authority for Child, designated Mother as the primary residential parent, and awarded Father regular parenting time. Unfortunately, in the years that followed, the parties' relationship with each other, and with Child, has been strained and tumultuous.

**¶3** In 2021, Mother petitioned the superior court to modify legal decision-making, asking the court to keep joint legal decision-making in place but to allow Mother "final say" where the parties could not agree. In 2022, following an evidentiary hearing, the court granted Mother's request ordering that "if [the parents] cannot agree after making a good faith effort to reach an agreement, _**Mother shall have the ability to make the final decision**_." Father did not appeal the court's order.

**¶4** In 2024, police transported Child to a mental-health intervention center after Child assaulted Father. Within days, both parents separately petitioned the superior court to modify legal decision-making, parenting time, and child support. The court held an evidentiary hearing on both petitions in May 2025. Mother and Father testified at the hearing. Father also called an expert witness to testify. When asked, "[w]hat is your profession?", the witness stated, "I have a background in experimental psychology from Johns Hopkins." Among other things, Father's witness stated he never met with Mother or Child; that Father was "a very fit and qualified father" who should have custody of Child; and that Child would benefit from having no contact with Mother for a period of time.

**¶5** The superior court found that since the court issued its 2022 legal decision-making order, Mother "has undermined Father's relationship with the child," and Father and Child "have also been involved in at least two altercations." The court further found that both parents were "at fault" for their inability to co-parent or cooperate, and that Father's expert witness's "testimony was not credible" because the witness did not meet with Mother or Child, relied entirely on information Father provided, and used unclear methodology and data to reach his conclusion and recommendation. So the court gave it "no weight." The court denied both parties' petitions for modification.

**¶6** Father timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7** To modify legal decision-making or parenting time, the superior court must engage in a two-stage inquiry. *Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020). "First, the court must ascertain whether there has been a change of circumstances materially affecting the welfare of the child." *Black v. Black,* 114 Ariz. 282, 283 (1977). If the court finds such a change in circumstances exists, then it must determine whether a change in custody would be in the child's best interests. *Backstrand,* 250 Ariz. at 343, ¶ 14. Here, the superior court found a change in circumstances but concluded any change to the existing legal decision-making and parenting time order would not be in Child's best interests.

**¶8** We review the superior court's denial of Father's petition for an abuse of discretion. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). In doing so, we do not reweigh the evidence but instead "defer to the [superior] court's determinations of witness credibility and the weight given to conflicting evidence." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019). We accept the superior court's findings of fact so long as they are not clearly erroneous and the evidence reasonably supports those findings. *DeLuna*, 247 Ariz. at 423, ¶ 9; *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009).

**¶9** Father first argues the superior court abused its discretion in its "wholesale rejection" of his expert witness. But the superior court allowed Father's witness to testify. What weight to give that testimony, including whether to find it credible, was within the court's discretion. We cannot reweigh credibility on appeal. *Lehn*, 246 Ariz. at 284, ¶ 20.

¶10 Father's next argument is similar to his first. He maintains the superior court's findings are "internally inconsistent and contrary to the record." Father identifies some of the court's findings he takes issue with. But those findings do not appear in the court's order. For example, on pages 16 through 18 of Father's opening brief he identifies the following hallucinated findings: (1) Child showed "persistent hostility toward Father" and had "difficulty adjusting to custodial transitions"; (2) Father's expert witness's explanations were "speculative"; (3) Father's evidence was "self-serving" and "limited in scope"; and (4) Mother was "evasive and inconsistent." But even if the court had made those findings, Father's argument hinges entirely on the superior court's credibility determinations which, as stated *supra* ¶ 9, we do not reweigh on appeal. *Id.*

¶11 Father also takes issue with the superior court continuing its order from 2022 giving Mother "final say" over decisions for Child where Father and Mother cannot agree. Father relies on *Nicaise v. Sundaram*, 245 Ariz. 566 (2019), to argue that a "global" final-say order is prohibited when parties share joint legal-decision making authority. Interestingly, Father asked the superior court to switch any "final" decision-making authority from Mother to him. Regardless, Father never appealed the 2022 order, nor did he raise his *Nicaise* argument to the superior court, and so has waived it on appeal. *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007) ("Generally, arguments raised for the first time on appeal are untimely and deemed waived."); *Westin Tucson Hotel Co. v. State Dep't of Rev.*, 188 Ariz. 360, 364 (App. 1997) (citation modified) ("[Q]uestions not raised in the trial court will not be considered on appeal.").

¶12 Father further argues the superior court erred in admitting documents into evidence not timely disclosed by Mother before the evidentiary hearing. "We will affirm the family court's admission of evidence absent an abuse of discretion and resulting prejudice or a mistake of law." *Lehn*, 246 Ariz. at 284, ¶ 23.

¶13 Mother attempted to offer several exhibits into evidence, but the court only admitted four. Father successfully made timely-disclosure objections to some exhibits. Father challenges the admission of Mother's "text compilations, unverified screenshots," "letters from third parties," "purported 'teacher reports,'" and "observations relayed through counsel." But only one of Mother's admitted exhibits contains text messages that match Father's description of the exhibits he is challenging. Though Father objected to the admission of these text messages based on timeliness, the court overruled the objection because the text messages had already been attached to a motion Father acknowledged receiving more than a month-

and-a-half before the evidentiary hearing. On this record, Father cannot show prejudice and has failed to show an abuse of discretion.

¶14       Finally, Father contends the superior court did not allow him to present rebuttal evidence to Mother's late-disclosed exhibits. But it does not appear Father ever requested to present rebuttal evidence or that the court refused such a request. And to the extent Father asserts the alleged errors cumulatively deprived him of his right to due process, we reject his argument because he has shown no error—neither cumulative nor singular.

¶15       It's worth noting that though Father urges us to disregard Mother's brief for failing to include citations to the record or legal authority as required by ARCAP 13, Father's opening brief contained only minimal citations to the record, some of which were hallucinated, *supra* ¶ 10, and that both his opening and reply briefs contained legal citations that either do not support his positions or appear to be fictitious. *See* ARCAP 13(a)(7), (d) (requiring citations of legal authorities and references to the record). As for Father's request that we award him his costs, we deny his request since Father has not succeeded on appeal. As the successful party on appeal, Mother is awarded her costs upon compliance with ARCAP 21.

## CONCLUSION

¶16       We affirm.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:          JR